IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

YOLANDA PATTERSON,
                                        :
    Plaintiff                           :

vs.                                     : CIVIL ACTION FILE
                                        : NO. _____
MEAGAN J. BRENNAN, IN HER               :
OFFICIAL CAPACITY AS                    :
POSTMASTER GENERAL OF THE               :
UNITED STATES POSTAL SERVICE            :
                                        :
    Defendant                           :


### COMPLAINT

COMES NOW, Plaintiff, YOLANDA PATTERSON, who hereby files this Complaint for damages and other necessary and equitable relief against the above-named defendant as follows:

### I . PRELIMINARY STATEMENT

1.

Plaintiff brings this action pursuant to 29 U.S.C. § 633a (the Age Discrimination in Employment Act or the"ADEA"), the Civil Rights Acts of 1964, 1870 and 1871 42 U .S .C .§§ 2000d and 2000e-2000e-17), the Civil Rights Act of 1967 ( 29 U .S .C . § 633a(hereinafter referred to as "the Civil Rights Acts")and the Rehabilitation Act of 1973 ( 29 U.S.C. §§ 791 and 794).

**THE PARTIES**

2.

Plaintiff is an African American female citizen of the United States over the age of 40, and a resident of Maricopa County, Arizona. She was formerly employed by the United States Postal Service(sometimes referred to as "the Agency" or "Defendant employer")at its Stone Mountain, Georgia location in DeKalb County, Georgia at all times relevant to the allegations set forth in the Complaint.

3.

Defendant, Meagan J.Brennan,is the Postmaster General for the United States Postal Service,an agency of the United States of America, and made defendant herein.

**JURISDICTION AND VENUE**

4.

This action involves and arises out of the statutory rights and obligations secured under the laws of the United States established by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., the ADEA and the Rehabilitation Act, as amended.

5.

Plaintiff has satisfied the jurisdictional requirements of bringing this suit, having timely filed a complaint of

discrimination with the agency, having received a Final Decision from such agency.

6.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. The acts, omissions, and events complained of herein took place in Stone Mountain,Georgia, and venue is, therefore, proper in the Northern District for the United States District Court in Georgia.

**FACTUAL ALLEGATIONS**

7.

Plaintiff was employed by the Agency as a Mail Processor/Sales & Distribution Clerk, and assigned to its Mountain Park location in Stone Mountain, Georgia, at all times relevant to the incidents on which this complaint is based .

8.

Plaintiff is an African American female over the age of 40, who had a record of impairment with the Agency, was regarded as impaired by the Agency, and who qualified as a disabled employee under the Rehabilitation Act.

9.

Plaintiff was employed by the United States Postal Service at all times relevant to the allegations set forth in this Complaint.

10.

At various times of her employment, Plaintiff observed that her former Agency manager referred to subordinate female employees in a manner which was sexually degrading to their gender classification.

11.

Plaintiff observed that her male manager referred to female employees at "bitches," and heard such manager instruct female employees to call him "daddy."

12.

Plaintiff did not welcome the sexual invitations of her male former Agency manager.

13.

Plaintiff expressed concern about the behavior of her male former manager's actions in subjecting female employees to a hostile work environment.

14.

Soon afterwards, Plaintiff was subjected to more adverse working conditions than her counterparts outside of her protected classifications.

15.

Beginning in July of 2017, the Plaintiff was required to overload equipment in the workplace which lead to unsafe working conditions.

16.

Plaintiff's counterparts outside of her protected classifications were not subjected to these working conditions.

17.

Sometime in November of 2017, Plaintiff requested a reasonable accommodation as a result of a medical condition which rendered her disabled under the Rehabilitation Act.

18.

Plaintiff's work assignment was never modified as she and her medical practioner requested.

19.

In contravention of Plaintiff's request and her medical practictioner's directive, Plaintiff's work hours were changed to hours which were not in accordance with her medical practictioner's instructions or her accommodation request.

20.

Plaintiff filed an informal discrimination complaint against the Agency, and stated in such complaint that her supervisors were discriminating against her based upon race, age, and other prohibited factors.

21.

Plaintiff's supervisors became aware of such complaints.

22.

Soon after Plaintiff's supervisors became aware of Plaintiff's complaints of discrimination, Plaintiff was subjected to additional discriminatory acts, including reprisal.

23.

Plaintiff's younger, male, and/or Caucasian counterparts were not harassed or denied the accommodations such employees requested as was the Plaintiff.

24.

Plaintiff's male, younger, and/or Caucasian counterparts were not required to routinely provide current medical documentation to support their medical restriction as was the Plaintiff.

25.

Soon after Plaintiff's complaints of discrimination and her request for a reasonable accomodation, Plaintiff's work hours were reduced for no legitimate reason.

26.

Soon after Plaintiff's complaints of discrimination and her request for a reasonable accommodation, Plaintiff's manager requested that her co-workers who worked with her not speak to her.

27.

There was no legitimate reason for Plaintiff's manager to request that her co-workers not speak to her, and such manager did

not treat Plaintiff's counterparts outside of her protected classifications in the same manner.

28.

Soon after Plaintiff's complaints of discrimination and her request for a reasonable accommodation, Plaintiff's complaints of harassment and discrimination were not investigated by the Agency for no legitimate reason.

29.

Soon after Plaintiff did not welcome the discriminatory conduct of her manager based upon her sex, she was singled out and subjected to more unfavorable treatment than did those employees who did not act in this manner.

30.

Plaintiff's supervisors violated the Agency's policies on Sexual Harassment and a Hostile Work Environment in the manner in which Plaintiff was subjected to working conditions, and her counterparts outside of her protected classifications were not.

31.

Plaintiff was and is disabled as defined under the Rehabilitation Act (29 U.S.C. §§ 791 and 794).

32.

Plaintiff's medical practitioners advised the Agency that Plaintiff required an accommodation based upon her medical

impairment.

33.

The Plaintiff is a disabled individual, within the meaning of the Rehabilitation Act;she had a record of impairment, and was perceived as impaired by the Agency.

34.

The Agency subjected the Plaintiff to sex discrimination by providing reassignment privileges and more favorable terms and conditions of employment to her male counterparts, while refusing to reassign her to similar positions.

35.

The Agency subjected the Plaintiff to race discrimination by providing reassignment privileges to her Caucasian counterparts, while refusing to reassign her to similar positions.

36.

The Agency subjected the Plaintiff to age discrimination by providing reassignment privileges to her younger counterparts, while refusing to reassign her to similar positions.

37.

The Agency subjected the Plaintiff to reprisal based upon her previous participation in Equal Employment Opportunity activity and based the Agency's failure to articulate a legitimate reason to not provide to her a reasonable accommodation.

38.

The agency, through its management representatives, subjected the Plaintiff to illegal and intolerable working conditions which caused her to resign her employment with the Defendant employer based upon the Plaintiff's race, and as reprisal for his having filed an earlier formal complaint of discrimination.

39.

All jurisdictional prerequisites to the institution of suit under Title VII, the ADEA, and the Rehabilitation Act, have been fulfilled.

40.

The Defendant Agency has refused to grant to the Plaintiff the same opportunities for employment as provided to her Caucasian, younger, and male counterparts, and to those employees who did not engage in prior equal employment opportunity protected activity.

**COUNT I .**
**Title VII Claim**

41.

All of the allegations contained in this Complaint and in paragraphs 1 through 40 are made a part hereto by reference and incorporated as if fully set forth herein.

42.

The conduct of the Defendant employer constitutes a violation of 42 U .S .C . § 2000e-5f in that the Defendant employer committed an unlawful employment practice by discharging and otherwise discriminating against the Plaintiff based upon her race, sex, and reprisal for having filed a previous employment discrimination complaint .

**COUNT II**
**ADEA Claim**

43.

All of the allegations contained in this Complaint and in paragraphs 1 through 42 are made a part hereto by reference and incorporated as if fully set forth herein.

44.

The conduct of the Defendant employer constitutes a violation of 29 U.S.C. § 634, et.seq. in that the Defendant employer committed an unlawful employment practice by discharging and otherwise discriminating against the Plaintiff based upon her age.

**COUNT III.**
**Retaliation Claim**

45.

All of the allegations contained in this Complaint and in paragraphs 1 through 44 are made a part hereto by reference and

incorporated as if fully set forth herein.

46.

The conduct of the Defendant employer constitutes a violation of 42 U.S.C. § 2000e-f by retaliating against her following her participation in prior protected activity.

**COUNT IV.**
**The Rehabilitation Act**
**(29 U.S.C. §§ 791 and 794)**

47.

All of the allegations contained in this Complaint and in paragraphs 1 through 46 are made a part hereto by reference and incorporated as if fully set forth herein.

48.

The conduct of the Defendant employer constitutes a violation of 29 U.S.C. §§ 791 and 794 in that the Defendant Employer committed an unlawful employment practice by discharging and otherwise discriminating against the Plaintiff based upon her disability status.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following:

**1.** Back pay;

**2.** Front pay

**3.** Past and future loss of benefits

4. Compensatory damages in the maximum amount allowed by law;

5. Attorneys fees and costs;

6. Trial by a Jury, and

7. Such other just and equitable relief as may be necessary.

    Respectfully submitted on this 28th day of December, 2018.

<u>S/Jacqueline K. Taylor</u>
Jacqueline K. Taylor
Georgia Bar No. 700251
J. Taylor & Associates, LLC
1870 The Exchange, Suite 200
Atlanta, Georgia 30339
(770)951-7077  (phone)
(404) 759-2078 (facsimile)
Email: jaktaylor@bellsouth.net